UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOIS J. COHEN, | ) |
|       Applicant, | ) |
| v. | ) Miscellaneous Case No. 04-269 (RJL) |
| PRAGMA CORP., *et al.*, | ) |
|       Employer/Carrier | ) |
|       and | ) |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | ) |
|       Party-in-Interest. | ) |

FILED
AUG 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION & ORDER
(August 18, 2006) [# 32, # 34]

Lois Cohen, the applicant in this proceeding, was employed by Pragma Corporation to work on a United States Economic Development Project in Almaty, Kazakhstan beginning in November 1997. Upon her return to Washington, D.C., Ms. Cohen was diagnosed with pulmonary fibrosis as a result of her exposure to a toxic environmental pollutant in Almaty, and she was hospitalized and treated in Washington, D.C. (Amended Motion to Enforce ("Am. Mot. Enforce") at ¶ 6.) Ms. Cohen became disabled for eight months and experienced numerous side effects as a result of her treatment. (*Id.* ¶ 7.) After Pragma and its insurance

carrier refused to reimburse Ms. Cohen for her medical expenses, Ms. Cohen sought relief pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWC Act"), 33 U.S.C. §§ 901-945. (Id. ¶¶ 8-10.) Despite an initial ruling denying benefits to Ms. Cohen, an Administrative Law Judge ("ALJ") considered a motion for modification and issued an opinion in Ms. Cohen's favor. (Id. ¶¶ 10-12.) Pragma sought a review by the Benefits Review Board ("BRB") pursuant to section 921(c) of the LHWC Act. (Id. ¶ 16.) The BRB affirmed the ALJ's decision. (Id. ¶ 17.)

On January 4, 2005, this Court denied defendants' Motion to Dismiss and granted in part Ms. Cohen's Motion to Enforce the Final Administrative Award of the Benefits Review Board. This Court ordered that judgment be entered against Pragma and Cigna, jointly and severally, in the amount of $153,918.56. In addition, this Court allowed defendants to show cause why the calculations contained in Exhibit D to Ms. Cohen's Motion for Enforcement relating to additional medical expenses, pre-judgment interest, and post-judgment interest were inaccurate, inappropriate, or both. Defendants filed a Motion to Stay and Vacate and/or Amend the Judgment, and a Motion for Reconsideration. This Court has denied both motions. Now, before the Court are Ms. Cohen's Motion to Set Aside the Stay of Proceedings, Motion to Enforce Obedience to the Benefits Review Board Final Order, and Motion for Entry of Final Judgment. Upon due consideration of the motions, the Court GRANTS Ms. Cohen's motions in part.

## **DISCUSSION**

While there is no question that Ms. Cohen is entitled to recover the $153,918.56 awarded by the ALJ[1] and enforced by this Court on January 4, 2005, a question remains, however, as to what additional amount Ms. Cohen is entitled. Defendants argue that this Court lacks subject matter jurisdiction to award benefits beyond those specifically enumerated by the ALJ, because the ALJ's award of future medical benefits in and of itself was not a final compensation order capable of being enforced in District Court. (Br. of Employer/Carrier in Resp. to Applicant's Claim for Additional Damages ("Defs.' Br.") at 4-8.) Typically, this Court's enforcement powers focus on whether the ALJ's order was made and served in accordance with the law, and whether there has been a failure to comply with it. Whether the Court has the authority to determine and award additional benefits, appropriate penalties, and applicable interest, as opposed to the District Director of the Department of Labor, has never been considered by this Circuit.

Pragma, relying on the Fifth Circuit's opinion in *Lazarus v. Chevron, Inc.*, 958 F.2d 1297 (5th Cir. 1992), argues that this Court is unable to award benefits beyond those specifically awarded by the District Director or ALJ. (Defs.' Br. at 4-7.) Although the holding of that case is not binding upon this Court, the reasoning of the *Lazarus* court is instructive in this situation. In that case, the Fifth Circuit found that an order pursuant to

---

[1] The decision and order provided that Claimant was entitled to "a compensable amount of $153,918.56 through May 2000, plus any later medical expenses." (Am. Mot. Enforce, Ex. A at 53.)

3

the LHWC by an ALJ that provided only that the defendant shall furnish "reasonable and necessary future medical care and treatment" was not "final," and, thus, not enforceable by law. *Id.* at 1303. The court held that for an order to be final and enforceable in district court, "the order must at a minimum specify the amount of compensation due or provide a means of calculating the correct amount without resort to extra-record facts which are potentially subject to dispute between the parties." *Lazarus*, 958 F.2d at 1304 (quoting *Severin v. Exxon Corp.*, 910 F.2d 286, 289 (5th Cir. 1990)); *see, e.g., Connors v. Amax Coal Co.*, 858 F.2d 1226, 1229 (7th Cir. 1988) (holding that a LHWC claimant does not possess an award capable of enforcement in district court "until that party obtains a final administrative determination resolving any dispute as to whether particular expenses are covered expenses").

Here, the order by the ALJ did not specify the amount of the award for any later medical expenses, penalties, or interest. Upon reflection, this Court believes that the District Director is in a better position to evaluate Ms. Cohen's claims for additional medical expenses, penalties pursuant to 33 U.S.C. § 914(f), and pre-judgment and post-judgment interest.

Accordingly, it is this 18th day of August, 2006, hereby

**ORDERED** that plaintiff's Motion to Set Aside the Stay [#32] is **GRANTED**, and it is further

**ORDERED** that plaintiff's Motion to Enforce [#32] and Motion for Final

4

Judgment [#34] are **GRANTED** in part, and it is further

**ORDERED** that the judgment entered on January 4, 2005 against Pragma and Cigna, jointly and severally, in the amount of $159,762.44 is to be paid to the plaintiff within 10 days of this order, and it is further

**ORDERED** that Ms. Cohen is authorized to register a certified copy of this Order in other United States District Courts for the purpose of enforcement, and it is further

**ORDERED** that all remaining issues, including the validity of Ms. Cohen's claims to any penalties pursuant to 33 U.S.C. § 914(f), medical expenses, pre-judgment interest, or post-judgment interest are remanded to the District Director at the Department of Labor with jurisdiction over this matter, and it is further

**ORDERED** that, in the interest of justice, the District Director proceed with the determinations in this matter in an expeditious fashion, and it is further

**ORDERED** that judgment is entered in favor of the plaintiff, and the case is dismissed with prejudice.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge